```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
Petition of McCarthey Investments, LLC,   :
                                          :
          Petitioner                      :
                                          :
                                          :   07 Civ. 5617 (DLC)
For an Order Pursuant to the Federal      :
Arbitration Act, 9 USC § 1, et. seq.      :   OPINION AND ORDER
Confirming an Arbitration Award,          :
                                          :
               -against-                  :
                                          :
Abbas A. Shah, Linuxor Asset              :
Management, LLC and Linuxor Capital       :
Management, LLC,                          :
                                          :
          Respondents.                    :
                                          :
-----------------------------------------X
Petition of 2001 Jane F. McCarthey GRAT   :
No. 5,                                    :
                                          :
          Petitioner                      :
                                          :   07 Civ. 5618 (DLC)
                                          :
For an Order Pursuant to the Federal      :
Arbitration Act, 9 USC § 1, et. seq.      :
Confirming an Arbitration Award,          :
                                          :
               -against-                  :
                                          :
Abbas A. Shah, Linuxor Asset              :
Management, LLC and Linuxor Capital       :
Management, LLC,                          :
                                          :
          Respondents.                    :
-----------------------------------------X
Petition of JFM Holdings L.P.,            :
                                          :
          Petitioner                      :
                                          :
                                          :   07 Civ. 5619 (DLC)
For an Order Pursuant to the Federal      :
Arbitration Act, 9 USC § 1, et. seq.      :
Confirming an Arbitration Award,          :
                                          :
               -against-                  :
                                          :
```

```
Abbas A. Shah, Linuxor Asset            :
Management, LLC and Linuxor Capital     :
Management, LLC,                        :
                                        :
        Respondents.                    :
                                        :
----------------------------------------X
```

Appearances:

For the Petitioners:
Anthony W. Djinis
Pickard and Djinis LLP
1990 M Street, N.W.
Suite 660
Washington, D.C. 20036

For the Respondents:
Charles B. Manuel, Jr.
Shiboleth, Yisraeli, Roberts & Zizman, LLP
One Penn Plaza, Suite 2527
New York, New York 10119

DENISE COTE, District Judge:

The petitioners, McCarthey Investments, LLC ("MI"), 2001 Jane F. McCarthey GRAT No. 5 ("2001 JFM GRAT No. 5"), and JFM Holdings L.P. ("JFM Holdings"), bring individual petitions to confirm arbitration awards, each of which was granted against respondents Abbas A. Shah ("Shah"), Linuxor Asset Management, LLC ("LAM"), and Linuxor Capital Management, LLC ("LCM"). The respondents oppose confirmation of the awards. The petitions to confirm are granted.

BACKGROUND

This case arose out the petitioners' investment in the Linuxor Global Macro Fund, LP ("Fund"), a commodity pool organized as a limited partnership.  The petitioners contended at arbitration that Shah, who traded the Fund's portfolio, and the other respondents, of which Shah was the managing member, made materially false and misleading statements and omissions, which induced the petitioners to invest more than $11 million in the fund and to maintain this investment.  They further contended that the respondents were grossly negligent in management of the Fund's assets, resulting in millions of dollars in losses.

On or about August 26, 2005, each of the petitioners served respondents with demands for arbitration under the National Futures Association ("NFA") Code of Arbitration.  Following an unsuccessful motion to dismiss the petitioners' claims, the parties arbitrated claims of fraudulent concealment, breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and fraudulent inducement.  Both sides were represented by counsel during the arbitration proceedings, which included a motion to dismiss and a two-day hearing.  On March 15, 2007, the arbitrators announced the following awards:  an award to MI of compensatory damages and interest totaling $4,05,847; a separate award to 2001 JFM

3

GRAT No. 5 of compensatory damages and interest totaling $1,216,453; and a separate award to JFM Holdings of compensatory damages and interest totaling $4,054,847.  The three respondents were held jointly and severally liable for each of these awards. The arbitrators did not issue a written decision.

The respondents made no motion to vacate, modify, or correct the awards.  They also made no payments to the petitioners.  The petitioners submitted notices of unpaid awards, dated April 15, 2007, to the NFA.  On June 13, 2007, the petitioners filed the present petitions to confirm the arbitration awards.  By Order dated July 9, the parties were advised that the petition would be treated as a motion for summary judgment.  The petitioners were given an opportunity to make additional submissions and a schedule was set for the motion.  The dates on which certain submissions were due were extended by endorsements of July 26 and September 18.

DISCUSSION

I.   Subject Matter Jurisdiction

It is well-settled that the Federal Arbitration Act ("FAA") "does not confer subject matter jurisdiction on the federal courts even though it creates federal substantive law." Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000).  Rather, "[t]here must be an independent basis of

jurisdiction before a district court may entertain petitions under the [FAA]." Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 136 (2d Cir. 2002) (citation omitted); see also Greenberg, 220 F.3d at 25.

There is jurisdiction over these petitions pursuant to Section 1332 of Title 28, United States Code. The respondents point out that two of the petitioners, MI and JFM Holdings, as well as respondents LAM and LCM, are organized under Delaware law. The state of organization is not relevant to the diversity analysis, however, because MI, LAM, and LCM are limited liability companies and JFM Holdings is a limited partnership. For diversity purposes, limited liability companies and limited partnerships have the citizenships of each of their members or partners. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 579 (2004); Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000). The respondents do not dispute that complete diversity exists in each of the three actions if the state of organization is disregarded. Subject matter jurisdiction exists over the present actions.

II. Merits of the Petition

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must

grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citation omitted).  A court's review of an arbitration award is "severely limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair, 462 F.3d at 110 (citation omitted).  "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award."  Id. (citation omitted). "[T]he showing required to avoid summary confirmation is very high."  Id.  "[O]nly a very narrow set of circumstances delineated by statute and case law permit vacatur." Porzig v. Dresdner, Kleinwort, Benson, North America LLC, 497 F.3d 133, 138 (2d Cir. 2007) (citation omitted).  A party moving to vacate an award therefore bears a "heavy burden," Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004) (citation omitted), and "such relief is appropriately rare."  Porzig, 497 F.3d at 139.

The FAA enumerates grounds for vacating an arbitration award. See 9 U.S.C. § 10.  These grounds "involve corruption,

fraud, or some other impropriety on the part of the arbitrators." Wallace, 378 F.3d at 189 (citation omitted). In addition to this statutory authority, a court may vacate an arbitral award "if it exhibits a manifest disregard of the law." Id. (citation omitted). The Court of Appeals has instructed that this is a "doctrine of last resort -- its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA appl[ies]." Id. (citation omitted). A party seeking vacatur on this ground must prove that an arbitrator was "fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003).

Under Section 12 of the Federal Arbitration Act ("FAA"), "a party may not raise a motion to vacate, modify, or correct an arbitration award" more than three months after the arbitrators have issued their decision, "even when raised as a defense to a motion to confirm." Wallace, 378 F.3d at 197-98 (citation omitted); see D.H. Blair, 462 F.3d at 106. The arbitration awards in this action were served on the respondents on March 16, 2007. As previously stated, the respondents made no motion to vacate, modify, or correct the awards and raised no defenses

7

to confirmation of the awards until September 10,[1] the date on which they filed their memorandum in opposition to the petitioner's motion.  The defenses raised by the respondents are therefore untimely.[2]

It is appropriate, however, to consider the documents the petitioners have submitted in support of their petition. "[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate."  D.H. Blair, 462 F.3d at 109. Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and even where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating the absence of a

---

[1] The petitioner states that they filed their opposition papers on September 7.  Whether this filing was on September 7 or 10 is immaterial.

[2] This conclusion is reached following consideration of the respondents' surreply memorandum, which does not address the petitioners' § 12 argument.

8

material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Sista v. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006). When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings. Fed. R. Civ. P. 56(e); accord Sista, 445 F.3d at 169. Petitioners have sufficiently supported their petition and demonstrated that the petitions to confirm the arbitration awards should be granted.

CONCLUSION

The three petitions to confirm the arbitration awards are granted.

SO ORDERED:

Dated:   New York, New York
         November 1, 2007

                                     _____
                                           DENISE COTE
                                     United States District Judge